Kevin L. Hernandez, Esq.
Nevada Bar No. 12594
**LAW OFFICE OF KEVIN L. HERNANDEZ**
8872 S. Eastern Avenue, Suite 270
Las Vegas, Nevada 89123
P: (702) 563-4450
F: (702) 552-0408
kevin@kevinhernandezlaw.com
*Attorney for Plaintiff*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| DEBORAH A. CARROLL, an individual;<br><br>Plaintiff,<br><br>v.<br><br>MEDICREDIT, INC., a foreign corporation;<br><br>Defendant. | Case No.: 2:20-cv-01728<br><br>**COMPLAINT FOR VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692, ET SEQ. AND THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227, ET SEQ.**<br><br>**JURY DEMAND** |

Plaintiff, Deborah A. Carroll ("Plaintiff"), by and through the undersigned counsel of record, alleges as follows:

**JURISDICTION AND VENUE**

1. This action arises out of MediCredit, Inc.'s ("MediCredit") violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA"), violations of the Telephone Consumer Protection Act ("TCPA") 47 U.S.C. § 227, *et seq*.

2. This court has jurisdiction over this matter under 15 U.S.C. § 1692k, 47 U.S.C. § 227, and U.S.C. § 1331.

3. Under 28 U.S.C. § 1391(b), venue in this District is proper because Plaintiff and MediCredit reside and/or do business in the District of Nevada.

4. Venue is also proper in this District because the acts and transactions that give rise to this action occurred, in substantial part, in the District of Nevada.

## PARTIES

5. Plaintiff is an adult individual residing in the State of Nevada.

6. Plaintiff is a "consumer" under 15 U.S.C. § 1692a(3).

7. MediCredit is a foreign corporation whose principal purpose is the collection of consumer debts.

8. MediCredit regularly collects or attempts to collect consumer debts owed or due another, or asserted to be owed or due another, and therefore, MediCredit is a "debt collector" under 15 U.S.C. § 1692a(6).

9. MediCredit's principal purpose is to purchase, service, and collect defaulted consumer debts, and therefore, MediCredit is a "debt collector" under 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

10. Plaintiff reincorporates by reference all preceding paragraphs as if fully set forth herein.

11. MediCredit sought to collect a "debt" against Plaintiff as defined by 15 U.S.C. § 1692a(5) and NRS § 649.010.

12. Within the past year, MediCredit wrongfully engaged in collection activities against Plaintiff for an alleged financial obligation arising out of a personal medical debt under Account # XXXX2850, with an alleged balance of $787.95 (the "Debt").

13. The Debt was incurred as a result of services provided by St. Rose Dominican De Lima ("Creditor"), which were primarily for family, personal, or household purposes, and which meet the definition of a "debt" under 15 U.S.C § 1692a(5).

14. The Debt was purchased, assigned, or transferred to MediCredit for collection after the Debt was allegedly in a default status with the Creditor.

15. On May 22, 2020, MediCredit sent Plaintiff a collection letter seeking to collect the Debt for a 30% reduction balance of $551.56 to be considered Settled in Full.

16. Upon receiving the May 2020 collection letter, Plaintiff sent MediCredit a Cashier's Check in the amount of $551.56 by Certified Mail.

17. On August 28, 2020, MediCredit called Plaintiff and left Plaintiff a voicemail, seeking to collect the Debt despite her prior settlement.

18. On September 3, 2020, MediCredit again called Plaintiff and left Plaintiff a voicemail, seeking to collect the Debt despite her prior settlement.

19. MediCredit representatives continued to harass Plaintiff with repeated telephone calls using an ATDS to collect the alleged debt despite receiving Plaintiff's demand to cease.

20. MediCredit continued to allege the balance due and owing despite having communicated to Plaintiff MediCredit's notes confirmed the account had been Settled in Full.

21. Medicredit's vociemails, on August 28 and September 3, demonstrated that MediCredit failed to investigate Plaintiff's disputes and continued to attempt to collect the Debt despite knowing it had a $0 balance.

22. MediCredit failed to investigate the Debt with the Creditor and continued collection activities against Plaintiff.

## FIRST CLAIM FOR RELIEF

### [Violations of the FDCPA; 15 U.S.C. § 1692, et seq.]

23. Plaintiff reincorporates by reference all preceding paragraphs as if fully set forth herein.

24. MediCredit violated 15 U.S.C. § 1692e by using false, deceptive, and misleading representations or means in connection with the collection of the Debt when it sought to collect the Debt that was settled and no longer owed.

25. MediCredit violated 15 U.S.C. § 1692e(2)(A) by misrepresenting the character, amount, and legal status of the Debt when it attempted to collect the Debt despite the Debt having a $0 balance.

26. MediCredit violated 15 U.S.C. § 1692f by using unfair and unconscionable means to attempt to collect the Debt, including without limitation, using its position of power over Plaintiff to attempt to force her to pay for the Debt despite the Debt being settled and no longer owed.

27. MCM violated 15 U.S.C. § 1692f(1) by seeking to collect interest, fees, charges, and expenses not expressly authorized by the agreement creating the Debt or permitted by law when it sought to collect the Debt that was settled and no longer owed.

28. The foregoing acts and omissions of MediCredit constitute multiple intentional, reckless, and/or negligent violations of the FDCPA, including every one of the above-cited provisions.

29. As a result of the above-referenced violations by MediCredit, Plaintiff is entitled to statutory damages, plus actual damages to be proven at the time of motions or trial in this matter.

30. Plaintiff suffered actual harm as a direct and proximate result of MediCredit's actions through the embarrassment, intrusion, invasion of privacy, and wasted time associated with MediCredit's collection tactics referenced in this Complaint.

31. Plaintiff has been forced to retain the Law Office of Kevin L. Hernandez to pursue these claims and is therefore entitled to recover reasonable attorney's fees plus costs incurred under 15 U.S.C. § 1692k.

## SECOND CLAIM FOR RELIEF

### [Violations of the TCPA; 47 U.S.C. § 227, et seq.]

32. Plaintiff reincorporates by reference all preceding paragraphs as if fully set forth below.

33. The TCPA regulates, among other things, the use of automatic telephone dialing systems ("ATDS").

34. The TCPA defines an ATDS as equipment having the capacity –
   a. To store or produce telephone numbers to be called, using random or sequential number generator; and
   b. To dial such numbers.

35. The TCPA makes it unlawful to make any call, other than a call made for emergency purposes or made with prior express consent of the called party, using an ATDS or an artificial or prerecorded voice to any telephone number assigned to a cellular telephone service.

36. MediCredit employees an ATDS that meets the definition set forth in 47 U.S.C. § 227 in that the equipment and software has the capacity to store or produce telephone numbers to be called, which includes auto-dialers and predictive dialers.

37. On at least 2 occasions, MediCredit initiated unauthorized ATDS telephone calls to Plaintiff's cellular telephone without prior express consent.

38. Each of these calls occurred after Plaintiff had settled the Debt in full.

39. Each of these calls occurred when MediCredit no longer had a contractual relationship with Plaintiff.

40. MediCredit made all calls to Plaintiff without Plaintiff's prior express consent.

41. MediCredit's unauthorized calls to Plaintiff were not for an "emergency purpose."

42. MediCredit is responsible for making the above-described automated calls.

43. MediCredit either willfully or negligently initiated multiple calls to Plaintiff using an ATDS in violation of the TCPA.

44. Each of the calls referenced in this Complaint by MediCredit represents a separate violation of the TCPA.

45. As a direct and proximate result of MediCredit's willfull and/or negligent violations of the TCPA, Plaintiff is entitled to an award of $500 statutory damages, or treble damages up to $1,500 statutory damages for each call in violation of the TCPA under 47 U.S.C. § 227 (b)(3)(B) and 47 U.S.C. § 227 (b)(3)(C).

46. Plaintiff suffered invasion of privacy as a direct and proximate result of MediCredit's unauthorized calls.

47. Plaintiff is further entitled to injunctive relief prohibiting such conduct by MediCredit in the future.

**WHEREFORE,** Plaintiff prays for relief as follows:

1. For an award reimbursing Plaintiff for reasonable attorney's fees, costs, and interest incurred;

2. For an award of actual damages under 15 U.S.C. § 1692k(a)(1);

3. For an award of actual damages under 47 U.S.C. § 227 (b)(3)(B);

4. For an award of actual damages under 47 U.S.C. § 227 (b)(3)(C);

5. For an award of statutory damages;

6. For an award of punitive damages; and

5. For such other further relief as the court deems proper.

Dated: September 17, 2020

**LAW OFFICE OF KEVIN L. HERNANDEZ**

*/s/ Kevin L. Hernandez            .*
Kevin L. Hernandez, Esq.
Nevada Bar No. 12594
8872 S. Eastern Avenue, Suite 270
Las Vegas, Nevada 89123
kevin@kevinhernandezlaw.com
***Attorney for Plaintiff***