UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| DEBORAH A. CARROLL,<br><br>          Plaintiff,<br><br>     v.<br><br>MEDICREDIT, INC.,<br><br>          Defendant. | Case No. 2:20-cv-01728-KJD-EJY<br><br>ORDER |

Presently before the Court is Defendant's Motion for Judgment on the Pleadings (#27). Plaintiff filed a response in opposition (#28) to which Defendant replied (#33). Plaintiff also filed a Motion for Judgment on the Pleadings (#29). Defendant filed a response in opposition (#34) to which Plaintiff replied (#35).

I. Background

Defendant Medicredit, Inc. ("Medicredit") obtained a defaulted hospital debt from St. Rose Dominican De Lima Hospital totaling $787.95 (the "Debt"). The Debt was for personal purposes and Medicredit admits it is a "debt" under the FDCPA. Medicredit admits it acted as a "debt collector" under the Fair Debt Collection Practices Act ("FDCPA") in its communications with Carroll, and that Carroll is a "consumer" under the FDCPA. Carroll consented to artificial or pre-recorded voice messages before her settlement.

On May 22, 2020, Carroll accepted Medicredit's 30% discount offer, made by mail, for a total of $551.56 and settled the Debt. Carroll sent a cashier's check for $551.56 to Medicredit. The settlement payment posted with Medicredit on June 19, 2020.

On August 24, 2020, over two months after her settlement payment posted, Medicredit called Ms. Carroll and left a voice message using an artificial or pre-recorded voice proclaiming its status as a "debt collector," naming the original creditor (St. Rose Dominican De Lima

Hospital), and requesting a return call. On August 28, 2020, Medicredit called Carroll again, leaving the same message. On September 3, 2020, Medicredit called Carroll yet again, leaving the same message.

Plaintiff then filed the present action alleging that Defendant's post-settlement calls violated the TCPA and the FDCPA. Medicredit admits it is liable under Telephone Consumer Protection Act ("TCPA") for each post-settlement voice message to Ms. Carroll if she revoked her consent to contact.

## II. Standard

Federal Rule of Civil Procedure ("Rule") 12(c) provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). A court analyzes 12(c) motions essentially the same as motions under Rule 12(b)(6): the court "accept[s] all factual allegations in the complaint as true and construe[s] them in the light most favorable to the non-moving party." Fleming v. Pickard, 581 F.3d 922, 925 (9th Cir. 2009). But unlike a 12(b)(6) motion requesting dismissal, a 12(c) motion asks the reviewing court to find that a party cannot prevail on their allegations and claims as a matter of law even when taking all allegations as true, warranting judgment in the moving party's favor. Id.; Chavez v. United States, 683 F.3d 1102, 1108 (9th Cir. 2012).

## III. Analysis

### A. TCPA Claim

Plaintiff properly pled a TCPA claim for calls made to a cellular phone: (1) the defendant called a cellular telephone number; and (2) using an ATDS or an artificial or prerecorded voice. See Van Patten v. Vertical Fitness Group, LLC, 847 F.3d 1037, 1043-44 (9th Cir. 2017) (citing 47 U.S.C. § 227(b)(1)). For the purposes of these motions the parties agree that Plaintiff properly pled facts show that Defendant violated the TCPA if Defendant acted without Plaintiff's prior express consent.

"Express consent is not an element of a plaintiff's prima facie case but is an affirmative defense for which the defendant bears the burden of proof." Id. at 1044; see also In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991, 23 F.C.C. Rcd. 559,

565 (Jan. 4, 2008) (the "2008 Order") ("[W]e conclude that the creditor should be responsible for demonstrating that the consumer provided prior express consent.... Should a question arise as to whether express consent was provided, the burden will be on the creditor to show it obtained the necessary prior express consent."); see also Grant v. Capital Mgmt. Servs., L.P., 449 Fed. Appx. 598, 600 n.1 (9th Cir. 2011) ("'[E]xpress consent' is not an element of a TCPA plaintiff's prima facie case, but rather is an affirmative defense for which the defendant bears the burden of proof.").

Importantly, the parties in this case agree that Defendant obtained effective prior express intent but give the Court none of the factual details surrounding it. The court in Van Patten determined that the factual circumstances surrounding consent are of utmost importance, because giving a contact phone number is not prior express consent for any contact. Here, Plaintiff asserts that she revoked her consent by settling the Debt. It is undisputed that consumers may revoke consent to be contacted by telephone autodialing systems. See Van Patten, 847 F.3d 1046-47. However, revocation of consent must be clearly made and express a desire not to be called. Id. at 1048.

If the facts here, were the same as in Van Patten, then Defendant would prevail. However, a gym membership is not the same as medical debt. Without knowing the exact circumstances under which Plaintiff gave consent, the Court cannot determine as a matter of law whether merely settling the Debt was enough to revoke Plaintiff's consent. Clearly, the TCPA was designed to prevent the harm alleged here, Plaintiff being subject to harassing phone calls for a debt that had been cleared. Therefore, the Court must deny both parties' motions for judgment on the pleadings on Plaintiff's TCPA claim.

B. FDCPA

For her FDCPA claim, Carroll asserts Medicredit: (a) "violated 15 U.S.C. § 1692e by using false, deceptive, and misleading representations or means in connection with the collection of the Debt when it sought to collect the Debt that was settled and no longer owed;" (b) "violated 15 U.S.C. § 1692e(2)(A) by misrepresenting the character, amount, and legal status of the Debt when it attempted to collect the Debt despite the Debt having a $0 balance;" (c) "violated 15

U.S.C. § 1692f by using unfair and unconscionable means to attempt to collect the Debt, including without limitation, using its position of power over Plaintiff to attempt to force her to pay for the Debt despite the Debt being settled and no longer owed;" and (d) "violated 15 U.S.C. §1692f(1) by seeking to collect interest, fees, charges, and expenses not expressly authorized by the agreement creating the Debt or permitted by law when it sought to collect the Debt that was settled and no longer owed." First Amended Complaint, Doc. No. 22, p. 4-5.

The FDCPA is a strict liability statute that does not require evidence of actual deception, but instead, evidence of the capacity of the statement to mislead. Mccollough v. Johnson, 637 F.3d 939 (9th Cir. 2011); see also Wade v. Reg'l Credit Ass'n, 87 F.3d 1098, 1100 (9th Cir. 1996). Thus, knowledge of a statement's falsity is not a necessary element to establish deception. See LeBlanc v. Unifund CCR Partners, 601 F.3d 1185, 1190 (11th Cir.2010) ("The FDCPA does not ordinarily require proof of intentional violation and, as a result, is described by some as a strict liability statute."); Russell v. Equifax A.R.S., 74 F.3d 30, 33 (2d Cir.1996) ("Because the Act imposes strict liability, a consumer need not show intentional conduct by the debt collector to be entitled to damages."). A debt collector's liability under § 1692e is an issue of law, requiring an objective analysis that determines whether the 'least sophisticated consumer' would be misled by the communication. See Werbicky v. Green Tree Servicing, LLC, 2:12-cv-01567-JAD-NJK, *14 (D. Nev. March 28, 2016) (citing Tourgeman v. Collins Fin. Servs., Inc., 755 F.3d 1109, 1119 (9th Cir. 2014)).

Here, Defendant asserts that the voicemails were not material or deceptive because they did not state that any money was owed. However, even though Plaintiff had settled the debt, made payment, and had the settlement check cashed, she continued to receive calls. Despite Defendant's protestations, these calls and statements, using the "least sophisticated consumer" test, certainly contained the capacity to mislead. First, Defendant identified itself as a "debt collector". Second, the call identified a party on whose behalf they were calling, in this case the hospital to whom Plaintiff had previously owed a debt. The least sophisticated consumer would understand the gist of the call was to collect a debt for the hospital. Though it is not part of the analysis, that was the undisputed intention of the call. These telephone calls are the exact kind of

harm that the FDCPA is attempting to punish. Therefore, the Court denies Defendant's motion for judgment on the pleadings.

The Court would grant Plaintiff's motion for judgment on the pleadings under the FDCPA, if it were not for Defendant's affirmative defense "bona fide error." The statutory bona fide error defense provides:

> A debt collector may not be held liable in any action brought under this subchapter if the debt collector shows by a preponderance of evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

15 U.S.C. § 1692k(c). The bona fide error defense is an affirmative defense, for which the debt collector has the burden of proof. Fox v. Citicorp Credit Servs., Inc., 15 F.3d 1507, 1514 (9th Cir.1994). The defense requires the defendant to show that it maintains procedures to avoid errors. Clark v. Capital Credit & Collection Servs. Inc., 460 F.3d 1162, 1176-77 (9th Cir. 2006). A debt collector fails to meet its burden under the defense when it does not produce evidence of "reasonable preventive procedures" aimed at avoiding the errors. Reichert v. Nat'l Credit Sys., Inc., 531 F.3d 1002, 1006 (9th Cir. 2008) (citing Fox, 15 F.3d at 1514).

Plaintiff complains that Defendant's Answer asserting the affirmative defense does not meet the heightened pleading standards required under Twombly and Iqbal. See Dodson v. Strategic Rests Acquisition Co. II, LLC, 289 F.R.D. 595, 603 (E.D. Cal 2013) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007) and Ashcroft v. Iqbal, 556 U.S. 662 (2009)). However, since Dodson, the Ninth Circuit has noted that affirmative defenses need only be described in general terms in order to constitute fair notice. See Kohler v. Flava Enterprises, Inc., 779 F.3d 1016, 1019 (9th Cir. 2015). Accordingly, the Court finds that Defendant has adequately pled its affirmative defense. Therefore, the Court denies both parties' motions for judgment on the pleadings.

IV. Conclusion

Accordingly, IT IS HEREBY ORDERED that Defendant's Motion for Judgment on the Pleadings (#27) is **DENIED**;

IT IS FURTHER ORDERED that Plaintiff's Motion for Judgment on the Pleadings (#29)

is **DENIED**.

Dated this 18th day of March, 2022.

_____
Kent J. Dawson
United States District Judge